IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN MODERN SELECT ) <br> INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELMER GARDNER, ) <br> ) <br> Serve: 1005 Iowa Street ) <br>      Madison, IL 62060 ) <br> ) <br> and ) <br> ) <br> VERNA GARDNER, ) <br> ) <br> Serve: 1005 Iowa Street ) <br>      Madison, IL 62060 ) <br> ) <br> Defendants. ) | Case No. 3:14-cv-610-NJR-SCW <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** Plaintiff American Modern Select Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff American Modern Select Insurance Company ("American Modern") is, and at all times material hereto was, a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Amelia, Ohio. American Modern is licensed and authorized to do business as an insurance company in the State of Illinois and is authorized to execute

and deliver contracts for property and casualty insurance in the State of Illinois.

**2.** Defendant Elmer Gardner is a resident of Madison County, State of Illinois.  At all times material hereto, Elmer Gardner was the named insured on a policy of insurance issued by American Modern, which is involved in this litigation.

**3.** Defendant Verna Gardner is a resident of Madison County, State of Illinois.

**4.** This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and there exists complete diversity of citizenship.

**5.** Venue is proper in the United States District Court for the Southern District of Illinois under 28 U.S.C. § 1391(a) because Defendants reside in this district, all events giving rise to this lawsuit occurred in this district, and the property involved is situated in this district.

### GENERAL ALLEGATIONS

**6.** American Modern brings this action seeking the interpretation of the insurance policy described below and a declaration of the parties' rights and obligations thereunder.

**7.** An actual, justiciable controversy exists between American Modern and Defendants and litigation as to this controversy is imminent and

inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under American Modern's insurance policy.

**8.** All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under American Modern's insurance policy.

**9.** American Modern has complied with all conditions precedent under the policy and has no other adequate remedy at law.

### INSURANCE POLICY

**10.** American Modern issued a dwelling insurance policy, policy number 0850047421265, to Elmer Gardner with a policy period of May 22, 2013 to August 22, 2013 ("insurance policy") that insured property located at 128 Carver St., Madison, Illinois 62060 ("subject property"). (*See* Exhibit A, a true and accurate copy of the insurance policy attached hereto and incorporated herein).

### UNDERLYING FACTS

**11.** On August 5, 2013, Defendants claim that a fire occurred at the subject property causing smoke, fire and water damage to the subject property. (*See* Exhibit B, a true and accurate copy of Defendants' Sworn Statement in Proof of Loss attached hereto and incorporated herein).

**12.** Defendants submitted a Sworn Statement in Proof of Loss dated January 16, 2014 making formal demand for payment under the insurance policy for $75,000.00 for damage to the subject property. (*See id.*). Thereafter,

Defendants demanded an additional $60,000.00 penalty and $25,000.00 for attorneys' fees pursuant to 215 ILCS § 5/155.

## RELEVANT POLICY PROVISIONS

**13.** The following provisions of the insurance policy, *inter alia*, apply and bar coverage in this case:

### DWELLING PROPERTY BASIC FORM DP-1 07/88

\*\*\*

**GENERAL EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\*\*\*

**8. Intentional Loss**

a. We do not provide coverage for any loss arising out of any act committed by or at the direction of you or any person or organization named as an additional insured with the intent to cause a loss.

b. However, this exclusion will not apply to deny payment to an innocent co-insured who did not cooperate in or contribute to the creation of the loss if:

(1) Such loss arose out of a pattern of criminal domestic violence; and

(2) The perpetrator of the loss is criminally prosecuted for the act causing the loss.

c. If we pay a claim pursuant to Paragraph 8.b., our payment to the insured is limited to that insured's insurable interest in the property less any payments we first made to a mortgagee or other party with a legal secured interest in the property. In no event will we pay more than the limit of liability.

4

9. **Criminal Acts**, meaning any loss resulting from the criminal acts of any insured person, including tenants and/or their relatives, on the Described Location.

***

**CONDITIONS**

3. **Concealment or Fraud**

   a. This policy will be void if you have intentionally concealed or misrepresented any material fact or circumstance in the application for coverage. However, we will not void the policy once it has been in effect for one year or one policy period, whichever is less.

   b. Regardless of when a claim is presented, if you have engaged in fraudulent conduct or made false statements in submitting a claim, we will deny the claim.

   c. Notwithstanding the time limitation placed upon us in Paragraph a., we may cancel or nonrenew the policy in accordance with the terms of the Cancellation or Nonrenewal conditions of this policy.

(*See* Exhibit A).

GROUNDS FOR DECLARATORY JUDGMENT

14. American Modern incorporates paragraphs 1 through 13 as if set forth herein.

15. Based on its investigation of the facts and circumstances surrounding said fire loss, American Modern reasonably concluded that said fire was intentionally set by or at the direction of Elmer Gardner with the intent to cause such loss.

16. Furthermore, based on its investigation of the facts and circumstances surrounding said fire loss, American Modern reasonably concluded that Defendants intentionally concealed and/or misrepresented

material facts or circumstances, engaged in fraudulent conduct, dishonest or criminal conduct or made false statements concerning said fire loss, the claim presented, and the insurance including, but not limited to, the cause of the damage, the extent of the damage, and other related matters.

**17.** Additionally, American Modern has sustained damage as a result of the intentional destruction of the subject property, fraud, misrepresentation, and/or breach of the insurance policy conditions in that American Modern has incurred substantial expenses for claim response, investigation, adjusting, and evaluating, as well as costs for court reporters, photocopies, telephone, facsimile, and postage. Moreover, American Modern has incurred substantial expenses for attorneys' fees, which continue to accrue. American Modern is entitled to recoup and/or recover the amount of said expenses from Defendants based on special circumstances and otherwise.

**WHEREFORE** Plaintiff American Modern Select Insurance Company respectfully requests that this Court: (1) determine the rights and obligations of the parties under the insurance policy and to enter a judgment construing the insurance policy including the applicable coverage provisions, exclusions, and conditions thereunder in favor of American Modern Select Insurance Company; (2) declare that American Modern Select Insurance Company is entitled to recover the amount paid to the mortgage holder, if any, and the amount of expenses incurred in investigation, adjustment, and evaluation of the claim including attorney's fees; and (3) for any and all further relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar #6281922
**BROWN & JAMES, P.C.**
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com

***Attorneys for Plaintiff American Modern Select Insurance Company***

11719849