IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 14−cv−610−SMY−SCW<br>)<br>) |
| ELMER GARDNER and VERNA GARDNER, | )<br>)<br>) |
| Defendant. | |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

This case is before the Court on Plaintiff's motion for sanctions (Docs. 42 and 43). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Stacie M. Yandle pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Plaintiff's motion for sanctions (Docs. 42 and 43).

### FINDINGS OF FACT

A. Procedural Background

On May 28, 2014 Plaintiff American Modern Select Insurance Company filed its complaint for declaratory judgment seeking a determination of the rights and obligations under an insurance policy issued to Elmer and Verna Gardner for property located in Madison, Illinois (Doc. 2, ¶ 10). Plaintiff alleges that on August 5, 2013 Defendants claimed that a fire occurred at the property resulting in damage and Defendants submitted a claim under the policy for $75,000.00 in damages to

the property (*Id.* at ¶¶ 11-12). Plaintiff argues that it has since learned that the fire was intentionally set by Elmer Gardner with the intent to cause the loss and that Defendants then concealed this fact to Plaintiff (*Id.* at ¶¶ 15-16). Plaintiff alleges that the actions of the Defendants violate the insurance policy and that coverage for the damage to the property is thus excluded under the terms of the policy (*Id.* at pp. 4-5).

A clerk's entry of default was entered against the Defendants on February 6, 2015 (Doc. 24). On February 9, 2015, Defendants filed their answer and counterclaim (Doc. 25) and Plaintiff has filed a motion that is still pending before the Court seeking to strike that answer (Doc. 26). While that motion was pending, Plaintiff brought a discovery issue before the undersigned seeking to compel Defendants to respond to written discovery and participate in depositions (Doc. 33). The undersigned held a hearing on April 2, 2015 and at that time ordered Defendants to respond to discovery requests by April 10, 2015 and set a deadline for conducting depositions by May 15, 2015 (Doc. 33).

Defendants subsequently sought additional time to obtain sworn, notarized signatures of the Defendants for their discovery responses and offered to appear for a deposition on June 18, 2015 (Doc. 34). Defendants' counsel argued in that motion that Elmer Gardner was working at an undisclosed location and that he could not leave work to attend a deposition by May 15, 2015 (*Id.*). The undersigned held a hearing on the motion on May 1, 2015 at which time counsel for the Defendants asked to extend the deadline for the deposition even further to June 25, 2015 (Doc. 38). The undersigned noted at that time that dispositive motions were due June 1, 2015 and a trial was set in this case for September; the undersigned noted that discovery remained closed on May 15, 2015, absent Defendants seeking an extension of the trial deadline from the district court (*Id.*).

At a follow-up status conference on May 8, 2015, the undersigned declined to extend the discovery deadline to June 25, 2015 as Defendants requested, given that the trial date remained set

for September (Doc. 41). The undersigned also declined to credit counsel's earlier representation that Elmer Gardner could not appear for a deposition prior to June because of his job, as counsel readily admitted that he was not in direct contact with his client and only received information second hand through the Gardners' son. Instead, it appeared to the Court that the Gardners were simply trying to avoid coming to the district for a deposition in order to avoid arrest and prosecution in Madison County, a strategy that Defendants' counsel admitted was part of their motive for seeking a continuance. Counsel sought to continue the deposition until Defendants' criminal matter in Madison County was resolved, a matter which did not appear to be resolved anytime in the near future. Counsel also sought an agreement from Plaintiff's counsel to conduct the deposition either outside of Madison County or at an undisclosed location with a promise from opposing counsel not to disclose the location to the Madison County law enforcement authorities. The undersigned refused to participate in such an agreement given Defendants' motive to evade the authorities and arrest. The undersigned extended the deposition deadline to May 22, 2015 but refused to order that the location remain undisclosed or require that it be conducted by phone or video conference.

      Subsequently, Plaintiff filed the current motion for sanctions on May 18, 2015 (Doc. 42). Plaintiff indicated that although counsel for Plaintiff sought a convenient date for the deposition of Defendants prior to May 15, 2015, counsel for Defendants would not agree to a deposition date. Being unable to reach an agreement, counsel for Plaintiff noticed the depositions for May 12, 2015 to take place at defense counsel's office. Defendants did not appear at the noticed time. Due to their failure to appear, Plaintiff sought a default judgment as a sanction for Defendants' failure to comply with discovery deadlines and the Court's Orders. Defendants did not respond to the motion directly but indicated that their response was contained a motion to stay the case filed May 19, 2015,

which sought a stay of all proceedings until resolution of the criminal matters pending against Defendants in Madison County, Illinois.

### B. Hearing

The undersigned held a hearing on the pending motion for sanctions on June 4, 2015 (Doc. 51). Counsel for Plaintiff argued that he had sought a deposition date from Defendants' counsel for a mutually agreeable time prior to May 15, 2015 and counsel only provided him with June dates, which fell after the discovery deadline set in this case. Counsel for Defendants never provided Plaintiff's counsel with any dates within the Court set time period for depositions. Plaintiff's counsel noticed the depositions for May 12, 2015 and Defendants failed to appear. Counsel called defense counsel when his clients did not appear and defense counsel indicated that Defendants were not going to appear. Defense counsel contacted Plaintiff's counsel prior to the deposition by email to come to an agreement that Defendants would appear at a different location outside of Madison County, but counsel did not provide a specific date and an agreement was never reached.

At the hearing, counsel for Plaintiff also argued that he had not received verified responses to requests to admit that were propounded on Defendants. Although the responses to the requests to admit were not properly filed on the docket as required by local rule, Plaintiff's counsel indicated that he did received responses from both Defendants but that neither response was verified with Defendants' signatures. However, these additional discovery issues were not previously brought to the Court's attention prior to the hearing, nor were they the basis of Plaintiff's motion for sanctions. Plaintiff also objected to the sufficiency of Defendants' responses to requests for production, which was not previously an issue before the Court.

Defense counsel argued that he did not have proper notice of the depositions set for May 12, 2015. Counsel argued that the depositions were noticed after the May 8, 2015 Court conference and although the notice was sent by email on May 8, 2015, he did not receive the notice until May

11, 2015. Counsel also stated that he had previously informed Plaintiff's counsel that his clients would not be available for deposition on short notice, and would not appear for the deposition with the motion to stay still pending. However, the undersigned noted at the hearing that Defendants' motion to stay was not pending at the time the depositions were scheduled and, indeed, was not filed until May 19, 2015 (Doc. 47). Defense counsel argued that he did not receive the email notice until May 11, 2015 because he was out of the office on May 8, 2015 and did not check his email.

Counsel did not call Plaintiff's counsel on May 11, 2015 when he received the notice as he was out of the office and he had previously informed Plaintiff's counsel that his clients would not appear for deposition until they were arraigned in Madison County on the pending criminal charges against them. Counsel indicated that he had offered to make Defendants available for a deposition in St. Louis or by teleconference but those requests were rejected. Counsel acknowledged that his clients had no intention of appearing for any deposition prior to the Court scheduled deadline of May 22, 2015 as their criminal case had not been resolved. Counsel indicated that his clients would have appeared if their bond in Madison County had been reduced but that did not occur prior to May 22, 2015 and, at the time of the hearing on this motion, an agreement on those terms still had not been reached between Defendants and the Madison County State's Attorney. Counsel admitted that he was not willing to commit to a deposition date absent said agreement with Madison County regarding the criminal case. Counsel also admitted that he was aware that the Court had specifically rejected that course of conduct at the May 8, 2015 hearing, indicating that the deposition would not be postponed so that Defendants could first resolve their criminal case.

Counsel for Defendants indicated that his clients would have appeared either by teleconference or in St. Louis for a deposition by the Court imposed deadline of May 22, 2015 but the parties never reached an agreement as to that issue. Defense counsel acknowledged that he did not offer a specific date between May 12, 2015 and May 22, 2015. Nor did counsel call Plaintiff's

counsel prior to the May 12, 2015 scheduled deposition to inform him that Defendants would not appear, or to offer a different date. He did not speak to Plaintiff's counsel prior to counsel calling him on May 12th when Defendants failed to appear at the deposition.

### CONCLUSIONS OF LAW

**Federal Rule of Civil Procedure 37** provides for sanctions for failures to comply with discovery. Specifically, Rule 37(d)(1)(A) provides that a party may be sanctioned if a party fails to appear for a deposition after being served with proper notice. Further, a party may be sanctioned if they fail to obey a court order regarding discovery. *See* **Fed.R.Civ.P. 37(b)(2)(A)**. Such sanctions may include a default judgment against the disobedient party, which is the relief that Plaintiff seeks for Defendants' failure to appear at the noticed May 12, 2015 deposition. *See* **Fed.R.Civ.P. 37(b)(2)(A)(vi); 37(d)(3).**

While a default judgment as a sanction is considered "draconian", the Seventh Circuit has noted that such a sanction is available when there is "a finding of willfulness, bad faith, or fault," or "when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, **332 F.3d 462, 467 (7th Cir. 2003) (quoting** *Williams v. Chicago Bd. of Educ.*, **155 F.3d 853, 857 (7th Cir. 1998);** *Schilling v. Walworth County Park & Planning Com'n*, **805 F.2d 272, 278 (7th Cir. 1986);** *In re Golant*, **239 F.3d 931, 936 (7th Cir. 2001)).** The Court must also weigh the sanction with the procedural history of the case, including "not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party filed on over the course of the lawsuit." *E360 Insight, Inc. v. Spamhaus Project*, **658 F.3d 637, 643 (7th Cir. 2011) (citing** *Patterson v. Coca-Cola Bottling Co.*, **852 F.2d 280, 284 (7th Cir. 1988)).**

Here the undersigned finds that sanctions are warranted for Defendants' failure to participate in the noticed depositions. Defendants willfully and intentionally failed to appear at the May 12, 2015 deposition. While defense counsel argued that Defendants did not obtain adequate

notice of the deposition, he admitted that his clients had no intention of participating in the deposition even if additional notice was provided. Defendants did not intend to participate in any deposition prior to the Court ordered deadline of May 22, 2015. In fact, defense counsel stated that the only way that his clients would have participated was if they were able to resolve their criminal charges pending in Madison County, Illinois prior to the May 22, 2015 deadline. But those issues were not resolved prior to May 22, 2015.

Further, the undersigned specifically rejected counsel's request to delay the deposition deadline on the basis of the pending criminal charges. Defendants were originally ordered by this Court on April 2, 2015 to complete depositions by May 15, 2015 (Doc. 33). At the May 8, 2015 conference, the Court gave Defendants a short extension to complete discovery, including a deposition of the Defendants, by May 22, 2015, specifically rejecting Defendants' request to extend the deadline to June 2015 or beyond given the pending criminal charges. Yet, Defendants still refused to show up at the scheduled deposition, citing the same basis that the undersigned had previously rejected. Counsel for Defendants admitted at the motion hearing that Defendants had no intention of being deposed prior to the Court ordered deadline absent a reduced bond or other agreement with Madison County on the pending charges, despite the Court's order.

While counsel also argued that Defendants did not participate given that there was a pending motion to stay, that motion was not filed at the time of the scheduled deposition. In fact, the motion to stay was not filed until May 19, 2015, some seven days after Defendants failed to appear at the deposition. In short, Defendants willfully refused to participate in the May 12, 2015 deposition because of the pending criminal charges against them in Madison County, in spite of the Court's previous rejection of that excuse. The undersigned finds this failure to appear to be willful and in direct opposition to the Court's previous order to appear for deposition by May 22, 2015. Defense counsel was warned on two prior occasions, at the May 1, 2015 and May 8, 2015

conferences, that the discovery deadlines remained set and that discovery had to be completed, but Defendants still failed to appear.

The undersigned also finds the failure to appear to be in bad faith. Counsel for Defendants was aware of the deposition notice by at least May 11, 2015 and knew that his clients would not be appearing, but did not contact counsel for the Plaintiff to inform him that his clients would not be appearing at the deposition the following day. Although counsel argued that he proposed an alternative location and an "open" date for the deposition, he did not make that offer until he was contacted by Plaintiff's counsel when Defendants failed to appear at the deposition. Nor was any date or other location ever decided on by the parties and the Court specifically stated that it would not participate in such an agreement as it was clear that the only basis for moving the deposition was so that Defendants could appear outside of Madison County's jurisdiction and avoid arrest. In any event, Defendants did not offer an alternative location nor did they provide notice to Plaintiff's counsel of their intentions prior to the hearing.

Given Defendants willful refusal to participate in the deposition prior to the Court's ordered deadline and their obvious intent to reject the Court's order to do so within the required time period, the undersigned finds that sanctions are warranted. The undersigned notes that there is already a default against Defendants and Plaintiff has sought a default judgment on that basis, and now seeks a default judgment also as a sanction for Defendants' conduct.[1] The undersigned finds that Defendants' blatant refusal to participate in the deposition and follow the Court's orders

---

[1] The undersigned notes that Plaintiff's counsel also brought up additional discovery failings on Defendants' part at the motion hearing. However, those discovery issues did not form the basis of Plaintiff's motion for sanctions, nor did Plaintiff's counsel raise these discovery disputes with the undersigned prior to his motion for sanctions. As such, those discovery failures do not form the basis of the undersigned's recommendations.

justifies a default judgment in this case. As such, the undersigned **RECOMMENDS** that a default judgment be entered against Defendants as a sanction for their conduct.

The undersigned notes that Plaintiff also seeks reasonable expenses and attorney's fees as part of the sanctions for Defendants' failure to appear. However, Plaintiff failed to provide any documentation supporting the expenses associated with the scheduled deposition or his reasonable attorney's fees. As Plaintiff did not adequately support his request for fees and expenses, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's request for fees and expenses.

### CONCLUSION AND RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for Sanctions (Doc. 42), **FIND** that sanctions are warranted due to Defendants' failure to appear at the scheduled deposition, and **GRANT** a default judgment in favor of Plaintiff as a sanction for Defendants' discovery failures. However, as to any fees and expenses which Plaintiff sought as part of the sanctions, the undersigned **RECOMMENDS** that the Court **DENY** that request as Plaintiff did not adequately support his request for fees and costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **August 24, 2015.**

**IT IS SO ORDERED**.
DATED. August 5, 2015

*/s/ Stephen C. Williams*
Stephen C. Williams
United States Magistrate Judge