IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  vs.<br><br>ELMER GARDNER and VERNA GARDNER,<br><br>      Defendants. | Case No. 14-cv-610-SMY-SCW |

**ORDER FOR DEFAULT JUDGMENT**

This matter comes before the Court on Plaintiff's Petition for Relief following an order of Default against Defendants (Doc. 70). The Court previously adopted the Report and Recommendation of Magistrate Judge Stephen C. Williams recommending that Plaintiff's Motion for Sanctions in the form of Default Judgment be granted against Defendants (Doc. 68). Plaintiff now seeks relief on default judgment including a finding that various complaint allegations be taken as established, a declaration that no insurance coverage is due to Defendants following a fire on their property, and an award attorney fees and costs incurred in pursuing the instant action. The Court held a hearing on the Petition on April 14, 2016. Plaintiff's request for relief is **GRANTED** in part and **DENIED** in part.

The Court's previous Order at Doc. 68 granted default judgment against Defendants as a sanction pursuant to FRCP 37(b)(vi). The Court did not include an order that certain designated facts claimed by the plaintiff be taken as established or true and finds no good cause to do so now. Accordingly, Declaratory Judgment is entered in favor of Plaintiff American Modern Select Insurance Company and against Defendants Elmer and Verna Gardner as follows:

- The American Modern Select dwelling insurance policy #0850047421265 issued to Defendant Elmer Gardener for the policy period of May 22, 2013 to August 22, 2013 excludes and provides no coverage for any claims arising out of the fire which occurred on August 5, 2013 at the property located at 128 Carver Street, Madison, Illinois 62060.

"An award of attorney fees is not specifically contemplated under the Declaratory Judgment Act (28 U.S.C. § 2202)." *Id.* As such, the Court declines to award attorneys' fees and costs beyond those it specifically awarded as a sanction (Doc.68). Accordingly, Plaintiff is awarded $1,171.00 as reasonable expenses and attorney fees as a sanction for Defendant's failure to appear for depositions on May 12, 2015.

All proceedings in this matter are terminated and this case is therefore **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: April 15, 2016**                              **s/ Staci M. Yandle**
                                                      **STACI M. YANDLE**
                                                      **DISTRICT JUDGE**